UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS, LLC,
PRIME DESIGNS, INC. and
PLAN PRO, INC.
                    Plaintiffs,


          v.                                        Case No:

LEXINGTON HOMES, INC., TEAM
STIMPSON, LLC, TAILWIND
CROSSINGS, LLC, PONDS OF
MENASHA, LLC, FIELDSTONE
INVESTMENTS, LLC, CENTENNIAL
CENTRE, LLC, JEFFREY T. MARLOW,
MICHELLE L. STIMPSON, and GREG WELLS

                    Defendants.

---

### PLAINTIFFS' COMPLAINT FOR COPYRIGHT INFRINGEMENT
---

Plaintiffs, Design Basics, LLC (hereinafter, "DB"), Prime Designs, Inc. ("PDI"), and

Plan Pros, Inc. ("PPI"), through their attorneys, Dana A. LeJune and Michael T. Hopkins, file

this cause of action against the Defendants, Lexington Homes, Inc. ("LHI"), Team Stimpson,

LLC ("TS"), Tailwind Crossings, LLC ("TWC"), Ponds of Menasha, LLC ("POM"), Fieldstone

Investments, LLC ("FI"), Centennial Centre, LLC ("CC"), Jeffrey T. Marlow ("Marlow")

individually, Michelle L. Stimpson ("Stimpson") individually, and Greg Wells ("Wells")

individually (collectively, "Defendants") and show:

## Jurisdiction and Venue

1.  The Court has subject matter jurisdiction in this action pursuant to 28 USC § 1331 and § 1338(a), as this case arises under the U.S. Copyright Act.

2.  Venue is proper in this Court pursuant to 28 USC § 1400(a), as the Defendants reside and/or maintain a principal place of business in this District.

## Parties

3.  DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

4.  PDI is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

5.  PPI is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska.

6.  LHI is a Wisconsin corporation with its principal office located in Green Bay, Wisconsin, and having as its principal corporate activity the marketing, construction and sale of houses. It may be served with citation at 1300 N. Kimps Court, Green Bay, WI, 54313, upon its registered agent, Jeffrey T. Marlow.

7.  TS is a Wisconsin corporation with its principal office located in Green Bay, Wisconsin, and having as its principal corporate activity the advertising, marketing, and sale of houses. It may be served with citation at 1300 N. Kimps Court, Green Bay, WI, 54313, upon its registered agent, Michelle L. Stimpson.

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 2 of 12   Document 1

8. TWC is a Wisconsin corporation with its principal office located in Green Bay, Wisconsin, and having as its principal corporate activity the marketing, development and sale of houses and subdivisions. It may be served with citation at 1300 N. Kimps Court, Green Bay, WI, 54313, upon its registered agent, Jeffrey T. Marlow.

9. POM is a Wisconsin corporation with its principal office located in Green Bay, Wisconsin, and having as its principal corporate activity the marketing, development and sale of houses and subdivisions. It may be served with citation at 1300 N. Kimps Court, Green Bay, WI, 54313, upon its registered agent, Jeffrey T. Marlow.

10. FI is a Wisconsin corporation with its principal office located in Green Bay, Wisconsin, and having as its principal corporate activity the marketing, development and sale of houses and subdivisions. It may be served with citation at 1300 N. Kimps Court, Green Bay, WI, 54313, upon its registered agent, Jeffrey T. Marlow.

11. CC is a Wisconsin corporation with its principal office located in Green Bay, Wisconsin, and having as its principal corporate activity the marketing, development and sale of houses and subdivisions. It may be served with citation at 1300 N. Kimps Court, Green Bay, WI. 54313, upon its registered agent, Jeffrey T. Marlow.

12. Marlow is an individual residing in Oneida, Wisconsin, who is an officer, director, manager and/or other principal of the corporate Defendants and may be served with citation at 1300 N. Kimps Court, Green Bay, WI, 54313.

13. Stimpson is an individual residing in Green Bay, Wisconsin, who is an officer, director, manager and/or other principal of the corporate Defendants and may be served with citation at 1300 N. Kimps CT, Green Bay, Court, Green Bay, WI 54313.

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 3 of 12   Document 1

14. Wells is an individual residing in Green Bay, Wisconsin, who is an officer, director, manager and/or other principal of the corporate Defendants and may be served with citation at 1300 N. Kimps Court, Green Bay, WI, 54313.

## Facts

15. Since the early 1980's, DB has been a major publisher of plan books in which its works, and those of its related entities are marketed. Since the advent of the internet, DB has marketed its works and those of its related entities through the publishing of designs on its website and through its marketing partners, and consequently, DB's designs and those it promotes have become ubiquitous in the marketplace.

16. DB is the sole original author and owner of a large number of architectural works, including one entitled the "Aspen."

17. PDI is the sole original author and owner of a large number of architectural works, including one entitled the "Taylor."

18. PPI is the sole original author and owner of a large number of architectural works, including one entitled the "Womack."

19. DB registered its copyright in the work entitled "Aspen" with the United States Copyright Office on January 13, 1994 and was provided Registration Number VA 624-138. Exhibit 1 attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for said work.

20. PDI registered its copyright in the work entitled "Taylor" with the United States Copyright Office on January 18, 2006 and was provided Registration Number VA 1-346-796. Exhibit 2 attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for said work.

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 4 of 12   Document 1

21. PPI registered its copyright in the work entitled "Womack" with the United States Copyright Office on February 9, 2007 and was provided Registration Number VA 1-417-601. Exhibit 3 attached hereto is a true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for said work.

22. On September 11, 2011, the Plaintiffs first became aware that Defendants had violated their copyrights in one or more distinct ways. On said date, and in the course of marketing DB's works to previous customers, an employee of DB saw several infringements of Plaintiffs' works on LHI's web site, and preserved them by making screen captures (Exhibit 4). The works discovered at that time were DB's "Aspen," which Defendants call "Carlisle;" PDI's "Taylor," which Defendants call "Ashwood;" and PPI's "Womack," which Defendants call "Easton." When the Plaintiffs checked their records, they found that Plaintiffs had never licensed any of these works to any of the Defendants for any purpose.

23. Additionally, DB regularly and systematically handed-out and/or mailed publications containing DB's house plans to members of the National Association of Home Builders ("NAHB"), including those members of the Home Builders Association of Brown County ("BCHB"), a local chapter of the NAHB. From year 2000 through 2013, the Defendants were members of the BCHB. One or more of the floor plans and elevations of the works at issue in this case were within one or more of the plan books handed out or mailed by DB to Defendants.

24. In addition to posting infringing copies of Plaintiffs' copyright protected works on their website for purposes of advertising, marketing, and/or promotion of their homebuilding services, on information and belief, Defendants constructed one or more three-dimensional infringing copies (houses) of these, and/or others of Plaintiffs' works.

25. Each house constructed by Defendants as alleged in paragraphs 15 through 24, *supra*, constitutes a derivative work infringing Plaintiffs' copyright-protected works in violation of 17 U.S.C. §106(2) and 501.

26. The illicit acts of the Defendants, described in paragraphs 15 through 25, *supra*, were done without permission or license from Plaintiffs and in violation of Plaintiffs' exclusive copyrights in said works.

**Vicarious Liability of Principals**

27. Because Marlow, Stimpson, and Wells, are principals, owners, officers and/or managers of the corporate Defendants, they had knowledge of their infringing activities, and benefited there from by providing real estate development, management, appraisal, advertising, marketing, sales and/or other services to them, in furtherance of the corporate Defendants' marketing, construction and sales of said infringing houses.

28. The conduct of the corporate Defendants described above, was performed and accomplished through the direction, control and conduct of Marlow, Stimpson, and/or Wells, personally, as owners, officers, directors and/or managers of the corporate Defendants. Marlow, Stimpson, and Wells had the ability to prevent the Defendant entities from infringing Plaintiffs' works, and to stop the infringements once they began. Additionally, Marlow, Stimpson, and Wells received pecuniary benefit from the Defendant entities' acts of infringement. Accordingly, Marlow, Stimpson, and Wells are personally liable to Plaintiffs as joint and contributory infringers, or are otherwise vicariously liable.

29. The illicit acts of the Defendants, described in paragraphs 15 through 26, *supra*, were done without permission or license from Plaintiffs, and in violation of Plaintiffs' exclusive copyrights in said works.

30. Upon information and belief, Defendants have infringed the copyrights in other original architectural works of the Plaintiffs, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

## Causes of Action for Non-Willful Copyright Infringement
### Count One

31. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26, *supra*.

32. Defendants, without knowledge or intent, infringed Plaintiff's copyright in one or more of Plaintiffs' works identified and described in paragraphs 16 through 21, *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Two

33. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26, *supra*.

34. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 16 through 21 *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

### Count Three

35. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26, *supra*.

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 7 of 12   Document 1

36. Defendants, without knowledge or intent, infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 21 *supra*, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences, in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Four

37. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26 *supra*.

38. Defendants, without knowledge or intent, infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 16 through 21 *supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Alternative Causes of Action for Willful Copyright Infringement
## Count Five

39. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26, *supra*.

40. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 16 through 21 *supra*, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and on information and belief have done so with others of Plaintiffs' works which are as yet undiscovered.

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 8 of 12   Document 1

## Count Six

41. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26, *supra*.

42. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs works identified and described in paragraphs 16 through 21 *supra*, by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Seven

43. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26, supra.

44. Alternatively, Defendants willfully infringed Plaintiffs' copyright in one or more of Plaintiffs' works identified and described in paragraphs 16 through 21 *supra*, by creating derivatives therefrom in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of Plaintiffs' works which are as yet undiscovered.

## Count Eight

45. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 26, *supra*.

46. Alternatively, Defendants willfully infringed Plaintiffs' copyrights in one or more of Plaintiffs' works identified and described in paragraphs 16 through 21 *supra*, by advertising, marketing and/or selling one or more houses based upon copies or derivatives of said works, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of their works which are as yet undiscovered.

## Violations of DMCA § 1202
### Count Nine

47. Plaintiffs re-allege and incorporate, as if fully set forth herein, paragraphs 15 through 46, *supra*.

48. Additionally and alternatively, Defendants violated §1202 et seq. of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

49. In creating the drawings identified above, said Defendants intentionally removed and omitted Plaintiffs' copyright management information from copies of Plaintiffs' works.

50. Said Defendants thereafter distributed copies or derivatives of such works knowing that such copyright management information had been removed or omitted without proper authorization.

51. At the time said Defendants removed Plaintiffs' copyright management information from copies of their works, and at the time they distributed copies of the works from which the copyright management information had been removed or omitted, said Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, or conceal the infringement of Plaintiffs' copyrights.

52. Plaintiffs are entitled and seek to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, et seq.

53. Pursuant to 17 U.S.C. §1203(b)(5), Plaintiffs are entitled and seek to recover their reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs demand that judgment be entered in their favor and against the Defendants, jointly and severally, as follows:

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 10 of 12   Document 1

a.      For an accounting by Defendants of their activities in connection with their infringements of Plaintiffs' copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

b.      For Plaintiffs actual damages, in an amount to be determined at trial;

c.      For Defendants direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures in an amount to be determined at trial;

d.      In the alternative, at Plaintiffs option an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works, described above, in an amount to be determined at trial;

e.      An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

f.      Plaintiffs actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

g.      For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing Plaintiffs' copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of Plaintiffs' plans and/or derivatives thereof;

h.      An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe Plaintiffs' copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 11 of 12   Document 1

copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

      i.      An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

      j.      For such other relief as the Court determines to be just and equitable.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY


      Dated this 10th day of September, 2014.

                        LEJUNE LAW FIRM

                        By:    s/Dana A. LeJune
                              Dana A. LeJune
                              Texas Bar No.: 12188250
                              email: dlejune@triallawyers.net
                              6525 Washington Ave.
                              Suite 300
                              Houston, Texas 77007
                              713/942.9898 Telephone
                              713/942.9899 Facsimile

                              and

                        HOPKINS McCARTHY LLC

                        By:    s/Michael T. Hopkins
                              Michael T. Hopkins
                              SBN: 1014792
                              email: mth@hmclaw.com
                              757 N. Broadway
                              Suite 201
                              Milwaukee, WI 53202
                              Tel/Fax: 866-735-0515

                              Counsel for Plaintiffs

Case 1:14-cv-01102-WCG   Filed 09/10/14   Page 12 of 12   Document 1