UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS, LLC,
PRIME DESIGNS, INC. and
PLAN PRO, INC.,

    Plaintiffs,

v.

Lexington Homes, Inc., et al.,

    Defendants.

Case No: 1:14-cv-1102-WCG

## DECLARATION OF CARL CUOZZO

STATE OF NEBRASKA §
§
COUNTY OF DOUGLASS §

Carl Cuozzo, hereby declare under penalty of perjury under the laws of the United States of America:

1. Design Basics, LLC has been based in Omaha, Nebraska since the early 1980s and is engaged in the business of creating publishing and licensing architectural plans and designs. My current title is "Senior Designer."

2. Plan Pros, Inc. ("PPI") has been based in Omaha, Nebraska since the early 2000s, and is engaged in the business of creating, publishing and licensing architectural plans and designs. My title is "President."

3. As a result of my job, I have personal knowledge of the facts set forth in this declaration. My knowledge comes from reviewing Plaintiffs' company records, reviewing documents received in discovery and produced by the defendants in this

case, including Defendants' CAD files and blueprints showing 146 infringing plans within Defendants' possession.

4. DB is a small home plan design company located in Omaha, Nebraska that has been engaged in the business of creating, marketing, publishing, and licensing the use of architectural works beginning around 1983. As a part of this business, DB has the need to protect its intellectual property from potential copyright theft. To this end, DB has exercised its right to file lawsuits for copyright infringement through the United States court system. However, it is not DB's business model to file lawsuits.

5. Plaintiffs are, and at all times relevant to this claim has been, the sole owner and proprietor of all right, title, and interest in and to the copyrights in certain home plans/designs published in various nationally-circulated home-design catalogs. Since its inception in the early 1980s, DB has been a major, national publisher of plan catalogs and no-cost, magazine-styled promotional mailers in which its copyrighted works are marketed. Additionally, prior to the advent of the World Wide Web, it was the nations' largest publisher of home plan catalogs, allowing its customers to order plan catalogs either by phone, or by direct purchase in many home improvement stores and lumberyards across America.

6. Since the advent of the World Wide Web, Plaintiffs' plans have been widely-disseminated throughout the United States. DB maintains a website, www.designbasics.com, where, since 1996, it advertises and markets all of its copyrighted works through publishing designs in a user-friendly and easily

accessible online storefront. PDI and PPI also advertise and market their respective architectural works through publishing designs on the website, www.designbasics.com, and through their marketing partners. As a result of these marketing activities, Plaintiffs works have become ubiquitous in the marketplace. Among such works are the plans at issue in this case – DB's "Aspen" and "Kendrick" plans, PDI's "Taylor" plan, and PPI's "Womack" plan.

7. On September 12, 2011, Plaintiffs discovered that Defendants had been marketing and selling three-dimensional copies of Plaintiffs' Copyrighted Works by publicly displaying infringing works on Defendants' website, www.lexingtonneighborhoods.com and www.teamstimpson.com.

8. The lumberyard, Hoida Lumber & Components was a customer of DB, and between 1992 and 2001, Hoida received 636 plan catalogs from DB, all containing DB's plan designs. Attached hereto as **Exhibit A** is a true and correct copy of DB's order history with Hoida.

9. Defendants' Accused Works are substantially similar to Plaintiffs' Copyrighted Works in too many ways to have been the product of independent creation. As an experienced draftsman, it is obvious to me the Accused Works were copied from Plaintiffs' Copyrighted Works. If one wishes to appreciate all the similarities in the protectable elements of the Copyrighted Works, one must also consider the following:

a. The relationships, arrangement and composition of the spaces and elements;

b. The spatial relationships of the spaces and elements to all other spaces and elements;

c. The sizes and shapes of the rooms, and their spatial relationships to each other;

d. The arrangement and spatial relationships of the walls, flue chases, drop downs, windows and doors within the floor plan;

e. The locations and spatial relationships between and among the placement of appliances, counter tops, cabinets, and pantry in the kitchen;

f. The placement of closets throughout the house;

g. The locations of and spatial relationships between and among toilets, shower/tubs and lavatories in the bathrooms;

h. The locations of porches, entryways, patios and front and rear or patio doors; and

i. The "look and feel" of the plan, and the manner in which the traffic flows through the house is itself an infringement of the arrangement and composition of spaces and element

10. More specifically with respect to the above nine criteria, the plans at issue are substantially similar because the overall flow and location of rooms, hallways, bathrooms, access points and closets are substantially similar in both plans. The fact that a room is a little larger or smaller, a roof is configured differently, or a builder utilized different building materials does not take away from the fact that the Accused Works and Copyrighted Works are substantially similar in the overall design of the flow of the floor plans.

11. All of the works contained within DB's home design catalogs, as well as all the

works contained on DB's website, www.designbasics.com, display DB's copyright management information ("CMI"), ensuring that all customers and potential customers know that DB owns all rights and title to its copyrighted plans. Additionally, in multiple places within all of its plan catalogs and within all of its plan catalogs and within its website, DB explains that its designs are copyright protected, and advises consumers about how they can legally use its designs. Attached hereto as **Exhibit B** are true and correct copies of advertisements for the Copyrighted Work prominently displaying Plaintiffs' CMI. Attached hereto as **Exhibit C** is a true and correct copy of a page from DB's plan catalog explaining this.

12. However, when the Defendants infringements were first discovered, the accused plans published on Defendants website did not display Plaintiffs' CMI. Instead, the pages displaying the infringing plans contained a notation which read, "© 2009 Lexington Homes, Independently owned and operated." Attached hereto as **Exhibit D** are true and correct copies of web-captured images of the plan designs for Defendants' accused works.

13. Additionally, through inspection of CAD drawings and blueprints produced by Defendants during discovery, Plaintiffs found that on every document, Plaintiffs' CMI had been removed, and replaced with Defendants' false designation in the title block. Attached hereto as **Exhibit E** are true and correct copies of the plan designs for Defendant's accused works produced by Defendants in discovery.

Page **5** of **6**

Under penalty of perjury I affirm that the above statements are true and correct.

_____
Carl Cuozzo