UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS LLC,
PRIME DESIGNS, INC., and
PLAN PROS, INC.

                        Plaintiffs,

                v.                                    Case No. 14-C-1102

LEXINGTON HOMES INC.,
TEAM STIMPSON LLC,
TAILWIND CROSSINGS, LLC,
PONDS OF MENASHA, LLC,
FIELDSTONE INVESTMENTS, LLC,
CENTENNIAL CENTRE, LLC,
JEFFREY T. MARLOW, and
MICHELLE L. STIMPSON,

                        Defendants,

        and

ACUITY, A MUTUAL INSURANCE COMPANY,

                        Intervenor Defendant.

## DECISION AND ORDER

      Plaintiffs Design Basics LLC; Prime Designs, Inc; and Plan Pros, Inc. brought this action against Defendants Lexington Homes, Inc.; Team Stimpson, LLC; Tailwind Crossings, LLC; Ponds of Menasha, LLC; Fieldstone Investments, LLC; Centennial Centre, LLC; Jeffrey Marlow; and Michelle Stimpson (the Lexington Defendants) in 2014. Acuity moved to intervene in the case on December 12, 2014. On January 17, 2017, the court ordered Plaintiffs to pay Defendants' reasonably incurred attorneys' fees and expenses. Defendants now seek a total of $275,704.88 in

attorneys' fees and other expenses.  For the reasons below, Acuity is entitled to receive attorneys' fees and other expenses totaling $243,506.28, but the Lexington Defendants are not entitled to recover their requested attorneys' fees.

## BACKGROUND

The facts of the underlying action are set forth more fully in the court's decision and order granting Defendants' motion for summary judgment.  (ECF No. 100.)  In brief, Plaintiffs filed this copyright infringement suit against Defendants on September 10, 2014.  On December 12, 2014, Acuity moved to intervene in the case, and the Lexington Defendants tendered the defense to Acuity. On September 29, 2016, the court granted the Lexington Defendants' motion for summary judgment and dismissed Plaintiff's claims.  The court granted Defendants' motion for attorneys' fees and expenses under 17 U.S.C. § 505 on January 17, 2017.

## LEGAL STANDARD

A court calculates attorneys' fees using the "lodestar" amount: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)).  The court may then adjust the figure depending on a variety of factors, including the time and labor required, the novelty and difficulty of the issue, the degree of the success achieved, the experience and ability of the attorneys, the amount involved and the results obtained, and awards in similar cases.  *Hensley*, 461 U.S. at 429–30 n.3.  The party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the fees.  *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999) (citations omitted).

2

**ANALYSIS**

**A. Acuity's Attorneys' Fees**

Acuity seeks a total award of $228,272.11 in attorneys' fees which sum represents the work of four law firms. Plaintiffs argue that Acuity has not shown that these attorneys' fees are reasonable. A reasonable hourly rate is "derived from the market rate for the services rendered." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quoting *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)). The fee applicant bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The court will address the reasonableness of each firms' fees in turn.

**1. Davis & Kuelthau and von Brissen & Roper, s.c.**

When the defense of this matter was tendered to Acuity, the Lexington Defendants requested to have Davis & Kuelthau, their existing attorneys, continue representeing them instead of counsel appointed by Acuity. (Kowalkowski Decl. ¶ 5, ECF No. 134.) Acuity allowed Davis & Kuelthau to be its merits counsel, but not before negotiating a standard billing rate for its services.

Davis & Kuelthau's attorneys, Frank Kowalkowski and Sherry Coley, billed the most hours of any of Acuity's attorneys in this case. Attorney Kowalkowski has been practicing law for 22 years and Attorney Coley has been practicing law for 11 years. (*Id.* ¶¶ 3–4.) Their 2014 rates, the year in which the action was filed, were $310 and $300, respectively. (Defs.' Reply Br. at 2, ECF No. 133.) Nevertheless, Acuity agreed to pay an hourly rate of $240 for any attorney and $125 for any paralegal or librarian working on the matter. (*Id.*) As a result, the standard hourly rates for Davis & Kuelthau attorneys were reduced anywhere from 20 to 23%.

Plaintiffs argue that an hourly rate of $240 for an attorney is "unbelievably high in the geographic locale of Green Bay, Wisconsin." (Pls.' Br. in Opp. at 11, ECF No. 129.) Yet, they do not suggest an alternative billing rate that would be reasonable. An attorney's "actual billing rate for comparable work is presumptively appropriate to use as the market rate." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). The hourly rates requested for Davis & Kuelthau are below the rate its attorneys normally bill for comparative work. In short, Acuity has demonstrated that Davis & Kuelthau's hourly rates are reasonable.

Plaintiffs also complain Davis & Kuelthau attorneys used block billing and vague descriptions to document their time entries. They claim counsel improperly lumps several tasks into a single entry without specifying the amount of time spent on each task and request a blanket fee reduction of 40%. "Although 'block billing' does not provide the best possible description of attorneys' fees, it is not a prohibited practice." *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006). Acuity's counsel submitted a comprehensive statement of its charges, including the amount of time spent on the matter and an account of the work performed. The entries are detailed enough to conclude that the time billed accurately reflects the time spent on the case.

Moreover, Plaintiffs ignore the fact that Acuity is seeking reimbursement for the fees that it paid, not that were charged. "[T]he best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008); *see also Armament Sys. & Procedures, Inc. v. IQ Hong Kong Ltd.*, 546 F. Supp. 2d 646, 649 (E.D. Wis. 2008) ("When a client finally pays the bill and continues to retain the law firm's services, it has already implicitly conceded the reasonableness of the fees charged."). The number of timekeeper hours entered by Davis & Kuelthau totaled 1,120.70 hours—892.4 hours for attorneys and 228.3

for paralegals and research librarians. (Linnemanstons Decl. ¶ 6, ECF No. 135.) This resulted in total production of $245,157.50. (*Id.*) Davis & Kuelthau only billed Acuity for 1,055.80 hours, resulting in a total fee amount of $216,799.27. (*Id.* at ¶ 7.) The amount Acuity actually paid for these services, however, equaled $196,890.31. (ECF No. 124-2.) "[T]he amount of itemization and detail required is a question for the market. If counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more." *In re Synthroid Mkt'g Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). In sum, these fees will not be reduced merely because the attorneys lumped some related activities on their time sheets. Accordingly, Plaintiffs must pay Davis & Kuelthau's reasonable attorneys' fees totaling $196,890.31.

The record reflects that Acuity's counsel, Attorney Kowalkowski, changed law firms while the case was pending. As such, Acuity requests $16,344.00 to reflect the work he performed at von Briesen & Roper, s.c. Attorney Kowalkowski continued to bill at the reasonable rate of $240 per hour. He also sufficiently reported the time expended on the case and the nature of the work performed. In short, Plaintiffs must pay von Briesen's reasonable attorneys' fees totaling $16,344.00.

**2. Epiphany Law and Meissner Tierney Fisher & Nichols SC**

Although the vast majority of attorneys' fees were accumulated by Davis & Kuelthau and von Briesen & Roper through Attorney Kowalkowski, Acuity also received services from Epiphany Law and Meissner Tierney Fisher & Nichols SC. Acuity's initial merits counsel in this matter was Epiphany Law. Acuity seeks reimbursement for $1,123.00 paid to Epiphany for its representation from December 2014 to January 2015. Epiphany charged Acuity $150.00 per hour for its services. The court concludes this rate is reasonable as it is $90.00 less than the rate charged by Davis &

Kuelthau. Moreover, Epiphany's time entries are sufficiently documented and relate to the merits of the case rather than insurance coverage issues. Accordingly, Acuity is awarded $1,123.00 in attorneys' fees for work performed by Epiphany Law in this matter.

Acuity also seeks to be reimbursed for $13,914.80 of the $17,569.30 it paid to Meissner Tierney from July 2016 to August 2016. Acuity reduced the amount of Meissner Tierney's fees it seeks to recover by $3,654.50 because those fees are directly related to insurance coverage issues. After reviewing Meissner Tierney's billing entries, the court finds that Acuity has failed to demonstrate that these fees were necessary and not duplicative of Acuity's merit counsel's work. Meissner Tierney never appeared in this action, and its counsel never proffered an affidavit attesting to the reasonableness of its fees. In short, Acuity provided no evidence regarding the reasonableness or necessity of Meissner Tierney's attorneys' fees. Therefore, Acuity cannot recover fees for these services.

## B. Acuity's Costs

Acuity also requests to be reimbursed for its expenses. Plaintiffs assert Acuity should not be able to recover the amounts it paid to its retained expert, Dr. Robert L. Greenstreet. In order for a prevailing party to recover costs, it must demonstrate that the costs are "both reasonable and necessary to the litigation." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (citing *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1582–83 (7th Cir. 1990)). Plaintiffs request that the court eliminate any costs associated with Dr. Greenstreet because his opinion and report are inadmissible and are not reasonably necessary to justify an award of fees. (Pls.' Br. in Opp. at 9–10.) In making their argument, Plaintiffs recognize that the issue of whether Dr. Greenstreet's opinions and report

are admissible was never before the court and it became moot when the court found that the Lexington Defendants were entitled to summary judgment. Although the court never had the occasion to decide the admissibility of Dr. Greenstreet's opinions and report, it did rely on them in granting the Lexington Defendants' motion for summary judgment. (ECF No. 100 at 8–9.) In short, the costs connected to Dr. Greenstreet were reasonably necessary to the litigation and are appropriately included in the award in this case. Accordingly, Plaintiffs must reimburse Acuity for all of its costs totaling $29,148.97.

**C. Lexington Defendants' Attorneys' Fees**

The Lexington Defendants also seek reimbursement for attorneys' fees related to services provided by the Menn Law Firm. The Lexington Defendants retained Menn as its coverage counsel after Acuity filed a cross-claim and counterclaim against them. (ECF No. 24.) Menn's Notice of Appearance indicated that its representation of the Lexington Defendants "relates to insurance coverage issues." (*Id.*) Although the court allowed Defendants to recover attorneys' fees acquired in defending against Plaintiffs' infringement claim in its January 17, 2017 Decision and order, it concluded Defendants could not "recover fees incurred in their dispute over the issue of coverage." (ECF No. 118 at 3.) The Lexington Defendants contend that even though they paid Menn $33,310.52 for its services, they are only requesting to be reimbursed for $18,283.80 of Menn's fees for work involving only merits issues and work regarding merits issues that are indistinguishable from insurance coverage issues. (Defs.' Reply Br. at 8.) Plaintiffs assert that none of these fees are recoverable because they relate directly to coverage issues.

After reviewing the billing records, the court finds that recovery of Menn's fees is not warranted. The Lexington Defendants cannot receive attorneys' fees for work that is related to

coverage issues in any way, whether or not it is intertwined with merits issues. Again, 17 U.S.C. § 505 does not allow a party to recover attorneys' fees for disputes involving insurance coverage. (ECF No. 118 at 3.) Even if Menn's services related exclusively to merits issues, the Lexington Defendants have provided no evidence establishing that Menn's work regarding merits issues did not simply duplicate that of Acuity's merits counsel. Therefore, the Lexington Defendants cannot recover fees and costs incurred by their coverage counsel.

## CONCLUSION

It is therefore ordered that Plaintiffs shall pay to Acuity the amount of $243,506.28 in attorneys' fees and expenses.

**SO ORDERED** this _8th_ day of May, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court